# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD J. STEINLE, | ) | CASE NO. 5:17-cv-1734 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JUDGE LAURIE J. PITTMAN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of pro se plaintiff Richard J. Steinle ("Steinle") for a referral of this case to early neutral evaluation. (Doc. No. 40.) Defendant Judge Laurie J. Pittman ("Pittman") has filed a response in opposition (Doc. No. 41), and Steinle has filed a reply, with a subsequently filed affidavit in support (Doc. Nos. 42, 43). Although Steinle is correct that all parties need not consent to a referral to one of the Court's alternative dispute resolution mechanisms, this Court typically prefers such consent, particularly when discovery is ongoing. Pittman has indicated that alternative dispute resolution will likely be unproductive, from her perspective, until appropriate discovery is completed. In her view, that has not yet occurred. (Doc. No. 40 at 193-94.[1]) Accordingly, Steinle's motion is **denied** without prejudice.

The case shall proceed according to the Case Management Plan and Trial Order. (Doc. No. 12.) Should the parties reach a point where they mutually believe settlement discussions or alternative dispute resolution would prove fruitful, they may notify the Court of that fact either

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

through their 45-day joint status reports or by a joint motion. Additionally, the issue may be discussed during the scheduled status conference.

That said, the Court must address the tone of the parties' briefs and, in particular, the tone of Steinle's reply brief. In this brief, Steinle states that Pittman's counsel "has lied to this Court" and he asks that her "false" statements "be held for naught." (Doc. No. 42 at 201-02.) In addition, Steinle accuses Pittman herself of being "loathe to have a neutral professional evaluate this matter, specifically her pre-conceived plan to terminate Plaintiff under the guise of a voluntary resignation." (*Id.* at 202.)

Steinle's reply brief needlessly contains invectives that do little to advance resolution of the case. While it is not at all unusual for opposing parties to view the facts differently, it is unacceptable to attribute bad faith or dishonesty to one's opponent or opposing counsel merely because of a fundamental disagreement regarding either the facts or the course and progress of proceedings.

This Court will not tolerate unprofessional behavior from any litigant or counsel. All parties and counsel are hereby on notice that, should such behavior be exhibited in any form going forward, the Court will exercise its discretion to sanction an offending person. Further, parties and counsel are on notice that motions and other documents deemed by the Court to be frivolous in nature will also subject the offending party to sanctions, up to and including dismissal of this action and/or an adverse judgment.

**IT IS SO ORDERED**.

Dated: April 19, 2018

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**